## MULHENS & KROPFF, Inc., v. ONNEN.

Court of Customs and Patent Appeals. February 6, 1930.

Patent Appeal No. 2238.

Emery, Booth, Janney & Varney, of Washington, D. C. (Lucius E. Varney and Edward G. Curtis, both of New York City, and Nichol M. Sandoe, of Boston, Mass., of counsel), for appellant.

John W. Darley, of Baltimore, Md., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge. This is an appeal from the decision of the Commissioner of Patents sustaining the action of the Examiner of Trade-Mark Interferences dismissing an opposition filed by Mulhens & Kropff to the application of Onnen for the registration as a trade-mark of the numerals "7–11" applied to certain liquid medicinal preparations, for the treatment of colds, grippe, chills and fever, malaria and biliousness, and for use as a blood builder.

Appellant (opposer) claims ownership of the mark "4711" which has been registered as follows:

No. 9,405, issued May 23, 1882; No. 45,-617, issued August 22, 1905; renewed May 5, 1925; No. 50,685, issued March 27, 1906; No. 143,100, issued May 24, 1901; No. 143,-408, issued May 31, 1921; and No. 144,207, issued June 28, 1921.

The decision of the Commissioner recites that appellant has used the mark upon various preparations as follows:

Antiseptic mouth wash and scalp remedies, cold cream, vanishing cream, honey-jelly cream, sachet powder, toilet powder, face powder, bath salts, smelling salts, dental preparations, finger-nail preparations, hair tonic, cologne and toilet soap.

The case was heard before the tribunals of the Patent Office upon a stipulation of facts, from which it appears that opposer and its predecessor have used the mark "4711" upon some or all of the goods mentioned continuously since about 1878, advertising and distributing them throughout the United States, and that these goods and the mark are extensively and favorably known. It further appears that opposer has never used the mark upon any internal remedies adapted to the uses for which applicant's goods are manufactured, or in fact upon any internal remedies or preparations, but it is argued that since both kinds of goods are largely handled by the same retail dealers or druggists, together with other goods of the same character as those of applicant, confusion of origin would likely result in a manner which should cause registration to be refused to appellee (applicant), particularly in view of the fact that the numerals "7–11" are the same as three of those in the mark "4711."

It appears that applicant's mark "7–11" was first used upon tonic to a very limited extent by his predecessor in business, beginning about 1897, but it was not used to any appreciable extent in interstate commerce prior to 1923.

An examination of the respective design drawings on file as a part of the record in the case does not show any similarity of arrangement. Opposer's mark as registered is simply the four numerals, "4711," except that in No. 9,405 there are several adornments in the nature of designs, arranged in circular inclosures, and also several words, and, in No. 50,-685, the numerals are inclosed in a somewhat circular design; the letters "No" being so printed in connection with the circular line as to precede the numerals. Applicant's design consists of the figures 7 and 1, 1, arranged thus: 7–11. These numerals so arranged are on a black background, inclosed within a lozenge-shaped panel.

Nevertheless the dominant portion of applicant's mark appears to be the numerals and they are the same as three of the four numerals which constitute the dominant feature of the mark of opposer. If therefore they were applied to goods of the same descriptive properties, notwithstanding the differences in arrangement and style, we should think that

such confusion might result as to bring the application under the bar of the statute, although there are numerous authorities that seem to support applicant's insistence to the contrary. However, it does not appear to be important definitely to determine that question in this case, because we think the Commissioner was clearly right in concluding that the goods are not of the same descriptive properties in the sense of the statute. Their appearance and uses are quite different; they are manufactured for and applied to entirely different purposes. It is true that opposer states that certain of his soaps are medicinal in character. Accepting this as true, the fact remains that applicant's tonic is liquid in form and not solid as is the soap. The one is for internal and the other for external use, and they are for the treatment of entirely different ailments or afflictions.

It was shown in the case that the numerals "7–11" have been registered in connection with other goods by other persons without opposition by opposer. We would not give undue weight to this fact without a more careful scrutiny of the goods for which the registrations were made. We take it that opposer did not regard the articles upon which those marks were applied as being of the same descriptive properties with its own articles. Such is our opinion of the materials here involved.

The decision of the Commissioner is affirmed.

Affirmed.